PRATT *v.* MAPES.

1. EXECUTIONS—PROPERTY SUBJECT TO MORTGAGE.
   On bill to quiet title to land acquired through sheriff's deed given pursuant to sale made under execution and levy, which sale and deed merely purported to convey debtor's interest then subject to mortgage of record, plaintiff *held,* to have acquired property subject to mortgage.

2. SAME—ABANDONMENT OF LEVY—SUBSEQUENT SALE UNDER CHANCERY EXECUTION.
   Judgment creditor *held,* to have no rights as against mortgagee, under levy pursuant to which no sale was made, where, after subsequent execution in chancery proceeding by bill in aid of execution, sale of debtor's interest in property then subject to mortgage was had, the proceedings in chancery to obtain that to which she was entitled under judgment at law amounting to an abandonment of the latter.

Appeal from Allegan; Miles (Fred T.), J. Submitted January 23, 1935. (Docket No. 48, Calendar No. 38,136.) Decided March 5, 1935.

Bill by Grace E. Pratt against Charles H. Mapes, Morris Ehle and others, to quiet title.. Bill dismissed. Affirmed.

*Clare E. Hoffman* (*Leo W. Hoffman* and *Carl E. Hoffman,* of counsel), for plaintiff.

*Messinger & White,* for defendant Ehle.

NELSON SHARPE, J. On April 22, 1931, plaintiff obtained a judgment against her brother, Charles H. Mapes, for the sum of $1,400 and costs, taxed at $87.60. He at that time was the owner of 60 acres of land in the county of Allegan. On May 12th he deeded this land to Peter DeHaan, who mortgaged it to Hiram P. Hudson for $3,000, and on the same day Hudson conveyed to Mapes and his wife a 30-acre tract of land in the same county. An execution was issued on the judgment, and a levy made upon the 30 acres on August 24, 1931. On October 23, 1931, the defendant Morris Ehle loaned Mr. and Mrs. Mapes $700, and received therefor a mortgage on the 30 acres, which was recorded on October 29, 1931.

It appears from the admission of counsel in their briefs and a memorandum opinion filed by the trial judge that on October 20, 1931, the plaintiff filed a bill of complaint against Mr. and Mrs. Mapes in aid of the execution issued on her judgment; that after a hearing thereon the trial court found that the defendants therein were not entitled to a homestead exemption in the 30 acres, and that plaintiff

was "entitled to sell the same upon execution, to satisfy her claim" upon her judgment, "subject only to the mortgage of $700, held by one Morris Ehle," and entered a decree pursuant thereto, which also provided that plaintiff might have execution out of that court to secure the payment of her said claim. An execution was thereupon issued and a levy made thereunder on the 30 acres by the sheriff of the county. Notice of sale was given by him and sale thereof made on May 31, 1933, to Clare E. Hoffman for the sum of $1,000. Mr. Hoffman was acting as attorney for the plaintiff, and at once conveyed the property to her.

No redemption was had. On October 17, 1933, the plaintiff filed the bill of complaint herein. It was dismissed as to all of the defendants. The only question presented on this appeal is her right to have her title to the 30 acres quieted as against the mortgage given by Mr. and Mrs. Mapes to Morris Ehle.

Plaintiff's title to this land rests upon the deed executed to Mr. Hoffman under the sale made on May 31, 1933. It appears from the certificate of the deputy sheriff that he at that time sold to Mr. Hoffman "all the right, title and interest of the said defendants, Charles H. Mapes and Merta Mapes, of which they were seized or possessed on the 23d day of December, 1932, or at any time afterwards, of, in and to" the 30 acres of land, specifically describing it.

As the mortgage to Ehle had been recorded on October 29, 1931, and its validity as an incumbrance had not at that time been in any way assailed, the sale and title acquired thereby were subject thereto. *Belcher* v. *Curtis,* 119 Mich. 1 (75 Am. St. Rep. 376).

Plaintiff acquired no rights on which she may here rely by the levy made on August 24, 1931, as no sale was made thereunder, and the issuance of the execution in the chancery case to recover that to which she was entitled under the judgment at law must be treated as an abandonment thereof. *Friyer* v. *McNaughton*, 110 Mich. 22.

The decree dismissing the bill is affirmed, with costs.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.